UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

| | | |
|---|---|---|
| PHILLIP ANTHONY KENNER | ) | |
| | ) | |
| Petitioner | ) | Civil Action No. 7:08-172-KKC |
| | ) | |
| V. | ) | |
| | ) | |
| T.S. MARTIMER | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*

Phillip A. Kenner ("Kenner"), an individual confined in the United States Penitentiary - Big Sandy in Inez, Kentucky ("U.S.P. - Big Sandy"), has filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 [DE 3] and has paid the $5 filing fee.

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002). As Kenner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But if the Court determines that the petition fails to establish adequate grounds for relief, it may dismiss the petition or make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

**I.      FACTUAL BACKGROUND**

In his petition, Kenner alleges that on February 23, 2007, a Disciplinary Hearing Officer ("DHO") conducted a disciplinary hearing and found him guilty of possessing a dangerous weapon.

The DHO sanctioned Kenner with the loss of phone and commissary privileges for 90 days, 30 days in disciplinary segregation suspended pending a period of clear conduct, and the loss of 32 days of Good Conduct Time ("GCT"). Kenner challenged the DHO's finding and sanction through the BOP's inmate grievance process based primarily upon his prior record of clear conduct and an affidavit signed by his cellmate admitting that the weapon was his. The BOP's Central Office of Inmate Appeals issued its final denial of Kenner's appeal on February 14, 2008.

On March 29, 2008, Kenner filed a civil rights action under *Bivens* with this Court arising out the same hearing, seeking expungement of the disciplinary conviction from his records as well as monetary damages. In a June 6, 2008, Memorandum Opinion and Order, the undersigned dismissed the complaint with prejudice for failure to timely exhaust administrative remedies, as potentially barred under *Edwards v. Balisok*, 520 U.S. 641, 646 (1997), and on the merits. *Kenner v. Martimer*, 08-73-KKC, Eastern District of Kentucky [DE 6 therein]. Kenner filed the present petition on August 27, 2008, seeking expungement of the disciplinary conviction and restoration of his GCT.

## II.   DISCUSSION

Kenner's petition asserts that the DHO conviction should be vacated because his prior record is clear of misconduct and because his cellmate admitted in a signed affidavit that the knife found belonged to him. As this Court has previously held, these grounds fail to provide a basis for relief under these facts.

Kenner's assertions amount to a challenge to the sufficiency of the evidence used to support his DHO conviction. The Due Process Clause requires only that a prison disciplinary finding resulting in the loss of GCT be supported by "some evidence." *Superintendent v. Hill*, 472 U.S. 445,

455 (1985). Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the documents filed by Kenner in the case previously filed in this Court, *Kenner v. Martimer*, 08-73-KKC, Eastern District of Kentucky [DE 2 therein]. At the DHO hearing, documents and testimony established that two nine-inch knives were found by corrections officers in a secreted location within the cell occupied by Kenner and his cellmate, Roldan-Luna. At the DHO hearing both inmates denied ownership of the weapons. Only after both were convicted of the offense did Roldan-Luna sign the affidavit stating that the weapons belonged to him. Kenner acknowledged that Roldan-Luna possessed only a limited command of the English language. Further, BOP regulations place an affirmative duty upon inmates to ensure that their cell remains free of any contraband. The Court again concludes that the sum of the evidence before the DHO amply satisfies the requirement that the DHO conviction be supported by "some evidence" under *Hill*. Kenner's conviction for possession of a weapon satisfies the requirements of substantive Due Process, and his petition must be denied. *Williams v. Bass*, 63 F.3d 483, 486 (6th Cir. 1995).

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Kenner's Petition [DE 3] is **DENIED**.

2. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Chanced v. Scarman*, 117 F.3d 949 (6th Cir. 1997).

Dated this 8th day of October, 2008.



**Signed By:**

**_Karen K. Caldwell_**
**United States District Judge**